[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
At issue in this case is whether a hearing officer of the defendant Department of Social Services ("the department") correctly upheld the' department's imposition on the plaintiff Concetta Staffieri of a penalty, based on improper transfer of assets, of approximately three months during which she was ineligible to receive long term care benefits under the Medicaid program. The plaintiff appeals the department's final decision under the Uniform Administrative Procedure Act ("UAPA"). See General Statutes § 4-166 et seq.
The plaintiff suffered an incapacitating stroke in November, 1997, entered a long term care facility in December, 1999, and applied for CT Page 5891 Medicaid benefits in October, 2000. The hearing officer concluded that the plaintiff had transferred a total of $131,779.66 to her son and daughter in June, 1999 and November, 2000 without receiving compensation for these assets. (Return of Record ("ROR"), Vol. I, p. 2 ¶¶ 1, 2; p. 3 ¶¶ 6-8.)[1] Such transfers, if, as here, made after the thirty-six month period preceding an application for Medicaid from an institutionalized person, call for a period of ineligibility based on the cost of long term care that could otherwise have been paid. See Connecticut Department of Social Services, Uniform Policy Manual ("UPM") (1993-95) § 3028.05.
Approximately $40,000 in transfers came from the plaintiff's unencumbered savings accounts. (ROR, Vol. I, pp. 2-3 ¶¶ 3-8; p. 6.) The hearing officer found that the plaintiff's daughter used some of this money for expenses that were not the plaintiffs. With regard to the remainder of the $40,000, the plaintiff's daughter did not prove, as the plaintiff now suggests, that she had an agreement to care for her mother in exchange for compensation or that she had in fact earned the amount in question. (ROR, Vol. I, pp. 5-6.) Given these facts and that, under department policy, the burden is on the applicant to prove by clear and convincing evidence that a transfer was made exclusively for a purpose other than qualifying for assistance; UPM (1995) § 3028.10(E) and (G); the hearing officer reasonably concluded that these transfers called for an eligibility penalty. See Schallenkamp v. DelPonte, 229 Conn. 31,40, 639 A.2d 1018 (1994) (Under the UAPA, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable.") (Internal quotation marks omitted.)
The remainder of the transferred money came from a bank account that had served as collateral for, and was used to repay, a loan cosigned by the plaintiff and her son. Insofar as this transfer served to reduce the indebtedness of the son, it benefitted him rather than the plaintiff. The plaintiff did not receive anything in exchange for reducing her son's indebtedness. (ROR, Vol. I, pp. 6-7.) Further, there was no documentation that the bank demanded repayment of the loan during this period. (ROR, Vol. I, p. 6.) Rather, the timing of the repayment is more coincidental with the plaintiff's need for Medicaid. Given these facts, and the fact that the plaintiff did not prove any other purpose for the repayment, the hearing officer reasonably concluded that the purpose of the transfer was to establish Medicaid eligibility rather than to compensate the plaintiff. Accordingly, the imposition of a penalty was appropriate.
The plaintiff having failed to sustain the grounds for her appeal, the appeal is dismissed. CT Page 5892
Carl J. Schuman Judge, Superior Court